# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KARL J. ANDERSON,<br><br>       Petitioner,<br>v.<br><br>CHRISTOPHER DEE,<br><br>       Respondent. | Case No. 18-CV-1650-JPS<br><br><br><br><br><br>**ORDER** |

  On October 17, 2018 Petitioner, a pre-trial detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention in connection with ongoing state criminal proceedings. (Docket #1). As an initial matter, the Court must screen the petition under Rule 4 of the Rules Governing Section 2254 Proceedings, which requires the Court to promptly examine the petition and dismiss it "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the petitioner is not entitled to relief."[1]

  The one-page petition states that Petitioner believes he has invoked his right to a speedy trial in state court, but that his speedy trial date has passed without him being brought to trial. He claims to have mentioned this to the trial judge, who apparently ignored the request, but does not say whether he has filed an interlocutory appeal, a request for a writ of certiorari, or any taken any other action to bring his claim to the attention of the superior Wisconsin courts.

---

[1] Rule 1(b) of those Rules and Civil Local Rule 9(a)(2) give this Court the authority to apply the rules to other habeas corpus cases, including the rule permitting screening of the petition.

As the Seventh Circuit explains:

> Federal courts must abstain from interfering with state court criminal proceedings involving important state interests, as long as the state court provides an opportunity to raise the federal claims and no "exceptional circumstances" exist. *Stroman Realty, Inc., v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007). *See also* [*Younger v. Harris*, 401 U.S. 37, 43 (1971)]. Relief for state pretrial detainees through a federal petition for a writ of habeas corpus is generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies.

*Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009); *Tran v. Bartow*, 210 F. App'x 538, 540 (7th Cir. 2006). The petition is silent on whether and how Petitioner has gone about presenting his federal constitutional claim to each level of the Wisconsin state court system. The Court must, therefore, dismiss this action without prejudice for Petitioner's failure to establish this essential fact.

Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). No reasonable jurists could debate whether this Court's procedural ruling was correct. As a consequence, the Court is compelled to deny a certificate of appealability as to Petitioner's petition.

Accordingly,

**IT IS ORDERED** that Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 19th day of October, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge